IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SONRAI MEMORY LTD., | |
| Plaintiff, | |
| v. | Civil Action No. 22-1498-CFC |
| HEWLETT PACKARD ENTERPRISE DEVELOPMENT LP and HEWLETT PACKARD ENTERPRISE COMPANY, | |
| Defendants. | |

## MEMORANDUM ORDER

The parties in this case have ignored the rules and standards that govern the sealing of documents. Plaintiff, for example, filed under seal on February 10, 2023 a brief in opposition to Defendants' motion to dismiss. D.I 34. Although it is now nearly April, Plaintiff has yet to file a redacted version of its brief. *See* D. Del. R. 5.1(a) ("Unless specifically exempted by Court order or rule, all documents submitted for filing with the Court shall be filed in accordance with the Court's Administrative Procedures Governing Filing and Service by Electronic Means . . . ."); Court's Administrative Procedures Governing Filing and Service by Electronic Means (G)(1) (requiring parties to file "[a] redacted version . . . within 7 days after the filing of the original sealed document"). Equally troubling is the

type of information the parties and their counsel have said needs to be kept from the public. The parties, for example, agreed to redact this clause from their briefing: "In the [contract that Plaintiff alleges Defendants breached], the parties agreed that Delaware law governs (PSA § 8.2) . . . ." *Compare* D.I. 25 at 6, *with* D.I. 30 at 6. I can think of no reason that would justify keeping this information from the public eye. I cannot resolve the parties' contract dispute without first deciding what law governs the resolution of the dispute. How can a federal court decide a case without letting the public know what law it applied and why it applied that law?

As I have said before: "The District Court is not a star chamber. We are a public institution in a democratic republic and the public has a right of access to our filings and proceedings. That right is founded in the common law and antedates the Constitution. The public's right of access is not absolute; but it is strongly presumed, and it can be overcome only if a party demonstrates that public disclosure of a filing will result in a clearly defined and serious injury." *WSOU Invs., LLC v. Salesforce, Inc.*, 2023 WL 2213200, at *2 (D. Del. Feb. 24, 2023) (citations and internal quotation marks omitted).

I signed the parties' unopposed motions to seal their filings based on representations in the motions from the parties' counsel that good cause existed to justify sealing. I have now reviewed the parties' filings. There is no information

in the filings that could cause either party any adverse consequence let alone a clearly defined or serious injury if made public. Accordingly, I will unseal the filings and, in the future, will review with much more scrutiny if not skepticism the representations of these parties and counsel.

Now therefore, at Wilmington on this Thirty-first day of March in 2023, it is **HEREBY ORDERED** that the Clerk of the Court is directed to unseal D.I. 1, D.I. 16, D.I. 25, and D.I. 34.

_____
CHIEF JUDGE